**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

| | |
|---|---|
| FRIEDA MAE ROGERS f/k/a FRIEDA ROGERS ROEN; and PREMIER TRUST, INC., a Nevada corporation, as Trustee of the FRIEDA M. ROEN RESULTING TRUST u/a/d July 19, 1934;<br><br>Plaintiffs,<br><br>vs.<br><br>WILMINGTON TRUST COMPANY, a Delaware corporation; and WILMINGTON TRUST INVESTMENT ADVISORS, INC., a Maryland corporation;<br><br>Defendants. | No.: 1:17-cv-00392-AWI-SAB<br><br>Date: December 20, 2017<br>Place: Robert E. Coyle Federal Courthouse & Telephonic<br>2500 Tulare Street<br>Eighth Floor, Courtroom 2<br>Fresno, CA 93721<br><br>District Judge: Honorable Anthony W. Ishii<br><br>Magistrate Judge: Honorable Stanley A. Boone |

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs Frieda Mae Rogers (aka Frieda Rogers Roen) and Premier Trust, Inc. as the Trustee of the Frieda M. Roen Resulting Trust u/a/d July 19, 1934 (hereinafter collectively "Plaintiffs") and Defendant Wilmington Trust Company ("Wilmington Trust") (collectively referred to as the "Parties"), respectfully move this Court to enter this Stipulated Protective Order and in support thereof state as follows:

1. This Stipulated Protective Order (the "Protective Order") governs the use, disclosure and dissemination of documents and other information produced by the Parties in this matter (the "Action"), including but not limited to deposition testimony, deposition transcripts, deposition exhibits, interrogatory answers, responses to document requests, requests to admit and other written, recorded or graphic matter, which are designated "Confidential" as provided for herein (the "Confidential Information"). The Confidential Information shall be used solely for the purpose for preparing for and conducting proceedings in the Action and for no other purpose.

2. Upon a Party's reasonable belief that private, commercially sensitive or non-public information is involved, a Party shall have the right to designate and label any Confidential Information as "Confidential" pursuant to the procedures set forth herein.

3. Any Confidential Information designated as "Confidential," or other documents prepared from them which contain Confidential Information shall be retained by the attorneys of record in the Action and shall be disclosed only to the following individuals:

(a) The attorneys of record in the Action and the members, associates, paralegals and other employees of their law firms who have reason to have access to the Confidential Information by virtue of their involvement in the Action;

(b) The court, stenographic reporters, videographers, interpreters and judicial officers and their personnel involved in the Action;

(c) Persons (other than the Parties to this action) retained for the purpose of furnishing expert services or testimony or providing assistance in the preparation of the Action, subject to that person's compliance with the provisions of Paragraph 7 hereof;

(d) Any witness at a deposition or hearing if the disclosing Party or its counsel reasonably determines in good faith that the disclosure is necessary, subject to that witness' compliance with the provisions of Paragraph 7 hereof; provided, however that no transcript or copy of a transcript containing such disclosure shall be furnished to any person other than those identified in paragraph 3.

(e) The person who wrote, authored or received the document or gave the testimony designated as "Confidential," subject to that person's compliance with the provisions of Paragraph 7 hereof; and

(f) Any officer, director, employee, family member, or representative of the named Parties to this action who are required in good faith to provide assistance in the conduct of this litigation, subject to that person's compliance with the provisions of Paragraph 7 hereof;

(g) Any other person agreed to in writing by the disclosing Party, subject to that person's compliance with the provisions of Paragraph 7 hereof.

4. Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute

or be deemed a waiver or forfeiture in this or any other federal, state, arbitration, or any other proceeding of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

Within five (5) business days after receiving written notice from a Producing Party that privileged information, including copies or summaries thereof, has been inadvertently produced, the Party receiving such notice shall – unless it contests the claim of attorney-client privilege or protection as trial preparation material – return all such privileged information to the Producing Party and, if a document, all copies of that document shall be destroyed. A Party that returns privileged information after receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns, but may do so solely for the purpose of promptly challenging the privileged status and/or inadvertent waiver status of the document or information. This paragraph shall not prejudice the right of any Party to challenge a producing Party's claim that information is privileged on any grounds.

If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must – within 15 days of receipt of the notification by the Producing Party – move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

5. If any person subject to this Protective Order uses Confidential Information at any deposition, or discloses such material on the record of any proceeding in this Action, the portion of

the transcript or record thereof which discloses, concerns or relates to the Confidential Information, shall be marked "Confidential" as appropriate, and shall be subject to the terms of this Protective Order.

6. The Confidential Information subject to this Protective Order may be referred to and used by the Receiving Party in pleadings, briefs, or memoranda filed with the Court, and the Confidential Information may be made exhibits to such pleadings, briefs, memoranda so long as the Receiving Party asks the Court to enter an order sealing a pleading, brief, or memorandum which refers to Confidential Information or any pleading, brief or memorandum to which any Confidential Information is attached as an exhibit. Nothing in this Order shall require a Producing Party to seek leave to file its own Confidential Information under seal. The Confidential Information subject to this Protective Order may also be referred to and used in depositions as specified in Paragraph 3(d).

7. Before those applicable persons described in paragraphs 3(c), 3(d), 3(f), or 3(g) above may be permitted access to any Confidential Information, he or she shall have first read this Protective Order and shall have executed the Acknowledgement attached as Exhibit A. Counsel for the Party disclosing Confidential Information to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgments signed by them. If a witness refuses to execute the Acknowledgement attached as Exhibit A, despite the good faith efforts of counsel, the Parties agree and the Court will permit counsel to contact the Court for judicial assistance to address the witness's cooperation to ensure the preservation of testimony for all purposes, including trial.

8. Entering into, agreeing to and/or complying with the terms of this Protective Order shall not:

    (a)    be deemed to be a waiver of any applicable privilege or doctrine, including the attorney-client and accountant-client privileges and the work product doctrine;

      (b)      operate as an admission by any person that any particular discovery material actually or presumptively contains or reflects proprietary or commercial information or other confidential matter; or

      (c)      prejudice in any way the right of a person to seek a determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order.

9. Within sixty (60) days of the termination date of the Action, all Confidential Information supplied by the Parties, and all copies thereof, including any supplied to the Parties' consultants or expert witnesses, shall: (1) be returned to counsel for the disclosing Party at the disclosing Party's expense, or (2) be destroyed. The "termination date" of this Action shall mean the date upon which this Action is settled and discontinued or a final order or judgment is finally affirmed on appeal or review, or, by lapse of time or otherwise, is not subject to appeal or review. Notwithstanding anything contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and work product, including pleadings, briefs and memoranda, that are claimed to contain Confidential Information. Such materials shall remain subject to this Protective Order, which shall survive the termination date.

10. In the event a Designating Party inadvertently produces or provides information without correctly designating it as Confidential Information as provided in this Protective Order, the Designating Party may give written notice, said notice to be given promptly upon discovering the inadvertent incorrect designation, to the Receiving Party or parties that the document, thing, other discovery information, response or testimony is Confidential Information and shall be treated in accordance with the provisions of this Protective Order. The Receiving Party or parties must then treat such documents, things, information, responses, and testimony as Confidential Information, from the date such notice is received in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked documents, things, information, responses, or testimony, the Receiving Party shall make reasonable efforts to return or destroy said

unmarked or incorrectly marked documents, things, information, responses, and testimony and not retain copies thereof. With regard to any work product containing such unmarked or incorrectly marked information, the Receiving Party shall correctly mark such work product as containing Confidential Information. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to identify and, if possible, correct any disclosure to maintain the confidentiality of the inadvertently disclosed information, without prejudice.

11. Any Party may request removal of the confidentiality designation of any designated materials by serving written notice of such request on counsel for the disclosing Party specifying with reasonable particularity the materials to which the request is made. Within 20 days after the service of such request, the disclosing Party shall respond in writing either

    (a)    withdrawing the designation objected to;

    (b)    specifying that the designated material falls within the judicially recognized classifications of confidential information of

        (i)    trade secrets or other confidential research, development or commercial information entitled to protection;

        (ii)    non-public personal, financial or business information of the designating Party; or

        (iii)    information protected or restricted by statute or governmental regulation; or

    (c)    specifying any other basis for the designation.

If the disclosing Party does not withdraw the designation, the objecting Party may, within 20 days after service of the written response, file a motion for a determination as to the validity of the objection. The disclosing Party shall have the burden of establishing the need for "Confidential" status. In the event such a motion is filed, confidentiality of the materials in issue shall be preserved pending resolution of the issue by the trial court and for a period of 20 days thereafter should the trial court reject the confidentiality designation to allow the disclosing Party opportunity to seek appellate review of such order. If such review is sought within that period, the designated material

in question shall continue to be subject to the restrictions of this Protective Order until the final conclusion of any appellate decision on the matter.

12. In the event that any Party receiving Confidential Information is served with a subpoena, notice or request to produce such information by any person, entity or government agency who or which is not a signatory to this Protective Order, the Party receiving such subpoena, notice or request, shall notify the designating Party in writing within forty-eight (48) hours of receipt thereof (and in no event later than at least forty-eight [48] hours in advance of the subpoena's return date) to enable the designating Party to take whatever steps it deems appropriate to protect the Confidential Information. In no event shall any Party provide any Confidential Information to any person or entity not covered by this Protective Order, whether government agency or other, without prior written consent of the other Party, or, in the event of a subpoena, without complying with the requirements of this paragraph.

13. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested Parties, without prejudice to any Party or other person to move for modification of or relief from its terms.

14. The restrictions against disclosure set forth in this Protective Order shall not apply to information when such information:

    a. is at any time independently developed without use of or without reliance upon any of the disclosing Party's Confidential Information; or

    b. is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; or

    c. was, prior to disclosure, rightfully in the possession or knowledge of the receiving Party; or

    d. is publicly available in substantially the same form in which it was provided by the disclosing Party; or

e. is required by law to be made available to third Parties as discussed in paragraph 11 above; or

f. was, is or becomes public knowledge in a manner not in violation of this Protective Order.

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ T. Randolph Catanese
T. Randolph Catanese
CATANESE & WELLS
A Law Corporation
Attorneys for Plaintiffs
Frieda Mae Rogers and Premier Trust, Inc.

*Counsel for Defendants*

/s/ John M. McIntyre
John M. McIntyre
Admitted *pro hac vice*
REED SMITH LLP

Attorneys for Defendants
Wilmington Trust Company

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: **December 5, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

| | |
|---|---|
| FRIEDA MAE ROGERS f/k/a FRIEDA ROGERS ROEN; and PREMIER TRUST, INC., a Nevada corporation, as Trustee of the FRIEDA M. ROEN RESULTING TRUST u/a/d July 19, 1934;<br><br>            Plaintiffs,<br><br>   vs.<br><br>WILMINGTON TRUST COMPANY, a Delaware corporation; and WILMINGTON TRUST INVESTMENT ADVISORS, INC., a Maryland corporation;<br><br>            Defendants. | No.: 1:17-cv-00392-AWI-SAB<br><br>Date: December 20, 2017<br>Place: Robert E. Coyle Federal<br>        Courthouse & Telephonic<br>        2500 Tulare Street<br>        Eighth Floor, Courtroom 2<br>        Fresno, CA 93721<br><br>District Judge: Honorable Anthony W. Ishii<br><br>Magistrate Judge: Honorable Stanley A. Boone |

## **ACKNOWLEDGEMENT OF CONFIDENTIALITY PROTECTIVE ORDER**

I, _____, have been provided with a copy of the Stipulated Protective Order executed between the Parties in the above-captioned matter. I have reviewed the Stipulated Protective Order and hereby agree to be bound by and comply fully with its terms.

_____

Dated: _____, 2017

EXHIBIT A