IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIEDA MAE ROGERS f/k/a FRIEDA ROGERS ROEN; and PREMIER TRUST, INC., a Nevada corporation, as Trustee of the FRIEDA M. ROEN RESULTING TRUST u/a/d July 19, 1934, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 18-116-CFC-SRF |
| WILMINGTON TRUST COMPANY, a Delaware corporation; and WILMINGTON TRUST INVESTMENT ADVISORS, INC., a Maryland corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this action alleging defendants' mismanagement of plaintiffs' financial resources and breach of fiduciary duties is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Wilmington Trust Company ("WTC") and Wilmington Trust Investment Advisors, Inc. ("WTIA") (collectively, "defendants"). (D.I. 123) For the following reasons, the court recommends DENYING defendants' motion to dismiss.[1]

---

[1] The briefing for the pending motion is as follows: defendants' opening brief in support of their motion to dismiss (D.I. 124), plaintiffs' answering brief (D.I. 134), and defendants' reply brief (D.I. 145).

## II. BACKGROUND

### a. The Parties

Frieda Mae Rogers ("Ms. Rogers")[2] is a citizen and resident of the state of California. (D.I. 115 at ¶ 1) Premier Trust, Inc. ("Premier") is a corporation formed under the laws of Nevada. (*Id.* at ¶ 2) WTC is a corporation formed under the laws of Delaware with its principal place of business in Wilmington, Delaware. (*Id.* at ¶ 4; D.I. 124, Ex. 1 at 1) WTIA is a corporation formed under the laws of Maryland. (D.I. 115 at ¶ 5)

### b. Procedural History

On March 16, 2017, Ms. Rogers and Premier (collectively, "plaintiffs") originally filed this action in the U.S. District Court for the Eastern District of California. (D.I. 1) On June 16, 2017, WTIA filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to dismiss Counts I and V of the complaint for failure to state a claim.[3] (D.I. 10) On the same day, WTC filed a motion to transfer venue to this District and a motion to dismiss Counts I and V of the complaint for failure to state a claim. (D.I. 12; D.I. 13) On January 19, 2018, the District Court for the Eastern District of California transferred the case to this District and denied defendants' motions to dismiss without prejudice. (D.I. 40)

On February 9, 2018, defendants filed a motion to dismiss pursuant to Rule 12(b)(6). (D.I. 51) On June 5, 2018, District Judge Sleet denied defendants' motion to dismiss. (D.I. 67) On July 26, 2018, plaintiffs filed a motion for leave to amend the complaint.[4] (D.I. 78) On

---

[2] Ms. Rogers was previously known as "Frieda R. Roen." (D.I. 115 at ¶ 1) On September 21, 2016, she had her name legally changed to her former name, "Frieda Mae Rogers." (*Id.*)
[3] Count I of the original complaint alleged negligence and Count V alleged violations of the U.S. Investment Advisers Act of 1940, codified at 15 U.S.C. §§ 80b-1 to -21. (D.I. 1 at ¶¶ 24-27, 47-57)
[4] The First Amended Complaint revised the damages amount and added Count VI, which alleges breach of contract under the Roen Trust Agreement. (D.I. 78, Ex. A; D.I. 115)

2

December 6, 2018, District Judge Connolly granted plaintiffs' motion for leave to amend the complaint. (D.I. 114) On December 7, 2018, plaintiffs filed their amended complaint (the "First Amended Complaint"). (D.I. 115) On December 21, 2018, defendants filed the present motion to dismiss. (D.I. 123)

### c. Facts

On July 19, 1934, Katherine Stuart Stibbs created a trust (the "Original Trust"). (D.I. 115 at ¶ 3) On November 10, 2008, the trust document entitled "Reformed and Restated Trust Agreement of the Trust Created by Katherine Stuart Stibbs Under Trust Agreement Dated July 19, 1934, as Divided for the Benefit of the Descendants of Mary Stuart Rogers" (the "Roen Trust Agreement") was created and confirmed by Court Order.[5] (*Id.*) Pursuant to the Roen Trust Agreement, the Frieda M. Roen Resulting Trust (the "Roen Trust") was created. (*Id.*) Ms. Rogers is the sole beneficiary of the Roen Trust and is an elderly adult female over the age of 65 years old. (*Id.* at ¶¶ 13-14)

From December 3, 2008 to January 13, 2015, WTC was the sole Trustee of the Roen Trust and WTIA acted as an adviser to WTC as the Trustee over the Roen Trust. (*Id.* at ¶ 15) As Trustee, WTC managed approximately $62 million of Roen Trust's corpus and related assets. (*Id.* at ¶ 23) During their tenure as Trustee and adviser, WTC and WTIA invested Roen Trust corpus and principal assets in proprietary investments that were owned and managed by WTC and WTIA. (*Id.* at ¶ 17) Ms. Rogers was not cognizant of these WTC and WTIA investments. (*Id.*) WTC and WTIA were not given written consent for discretionary management of the Roen Trust's assets. (*Id.* at ¶ 16)

---

[5] The Roen Trust Agreement states that it is to be "governed and interpreted according to the laws of the State of Delaware." (D.I. 124, Ex. 1 at 33)

3

On January 13, 2015, Ms. Rogers replaced WTC with Premier as Trustee over the Roen Trust. (*Id.* at ¶ 20) In March 2016, WTC provided Premier with several Form K-1s regarding investments and tax information in 2015 for the Roen Trust (the "2015 Form K-1s"), but did not provide any Form K-1s related to 2014 (the "2014 Form K-1s"). (*Id.* at ¶ 21) WTC indicated that while the 2014 Form K-1s were not immediately available, they would be delivered to Premier by September 2015. (*Id.*) Premier made financial plans for the Roen Trust's tax obligations based upon the 2015 Form K-1s WTC had provided. (*Id.*)

In September 2016, WTC delivered the 2014 Form K-1s to Premier, which differed from the 2015 Form K-1s. (*Id.* at ¶ 22) The 2014 Form K-1s reflected a "significantly higher long-term capital gain in one or more of the 'proprietary funds' of [WTC]," which resulted in a tax liability of approximately $1.8 million. (*Id.*) Furthermore, the forced liquidation of WTC proprietary funds upon transfer to Premier triggered the recognition of capital gains, resulting in taxes, penalties, and interest totaling approximately $1,749,335.00. (*Id.*) Ms. Rogers recently discovered that the Roen Trust held a 19.8% interest in a Rogers Family Limited Partnership with a value of approximately $13 million, but such interest was allegedly liquidated or transferred without the proper notice, supervision, or management of defendants. (*Id.* at ¶ 24)

### III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

4

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

Defendants argue that Counts I, II, and III of the First Amended Complaint, alleging common law claims for negligence, breach of fiduciary duty as trustee, and constructive fraud as trustee, respectively, should be dismissed. Defendants claim that these claims are undermined by plaintiffs' breach of contract claim because these claims rely upon the same legal duties and factual allegations. (D.I. 124 at 6-9) "It is a well-settled principle that where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach

5

of contract claim. In that specific context, any fiduciary duty claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous." *Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010); *see also Blue Chip Capital Fund II Ltd. Partnership v. Tubergen*, 906 A.2d 827 (Del. Ch. 2006) (granting motion to dismiss because contractual and fiduciary claims arose from the same alleged facts and conduct). Defendants contend that the First Amended Complaint alleges that defendants failed to carry out their duties as Trustee and adviser as specified in the Roen Trust Agreement.[6] (D.I. 124 at 8-9)

Conversely, plaintiffs aver that the Roen Trust Agreement does not address every obligation defendants owed to the Roen Trust and Ms. Rogers. (D.I. 134 at 8-9) For example, plaintiffs argue that the complaint alleges conduct not explicitly addressed in the Roen Trust Agreement, including conflicts of interest, failure to provide adequate disclosures, self-dealing, and conduct following WTC's discharge as Trustee. (*Id.* at 9) Therefore, plaintiffs conclude, the tort and fiduciary duty claims are not superfluous. (*Id.* at 10-11)

Plaintiffs do not contest that the tort and fiduciary duty claims arise from the same facts underlying the breach of contract claim. (*See* D.I. 134) However, plaintiffs argue that it is permissible to plead claims in the alternative. (D.I. 134 at 11) Therefore, even if the tort and fiduciary duty claims are arguably duplicative of the breach of contract claim, the court should not dismiss these counts. Plaintiffs cite *In re Am. Bus. Fin. Servs., Inc.* in support of this argument. (*Id.*) The court in *In re Am. Bus. Fin. Servs., Inc.* concluded that the breach of

---

[6] Defendants also contend that plaintiffs cannot maintain claims against WTIA for breach of fiduciary as trustee and constructive fraud as trustee because the complaint does not allege that WTIA was a trustee. (D.I. 145 at 3 n.1) Plaintiffs do not contest that WTIA was not a trustee. (D.I. 134 at 7-8) However, plaintiffs contend that they have pleaded alternative causes of action to address both common law and contractual claims against it in the event WTIA claims otherwise in the litigation. (*Id.* at 9 n.4)

6

fiduciary duty claims and breach of contract claims should not be dismissed as duplicative because they were "separate claims based on separate factual allegations." *In re Am. Bus. Fin. Servs., Inc.*, 384 B.R. 66, 73 (Bankr. D. Del. 2008).

Plaintiffs contend that defendants' arguments are premature at the motion to dismiss stage. (D.I. 134 at 9) Plaintiffs also note that defendants have made similar arguments in their previous motions to dismiss. (D.I. 134 at 12-13) These previous motions to dismiss were denied, and, therefore, plaintiffs argue that the court's earlier decisions should govern here. (*Id.*)

Judge Sleet denied the defendants' motion to dismiss the original complaint, which did not include a breach of contract claim. (D.I. 1; D.I. 67) In response to plaintiffs' motion to amend, defendants argued that such amendment would be futile. (D.I. 85 at 7) Defendants' futility argument was premised on their contention that fiduciary duty claims cannot proceed in parallel with breach of contract claims unless there is an independent basis for the fiduciary duty claims. (*Id.*) Judge Connolly granted plaintiffs' motion for leave to amend the complaint. (D.I. 114) Leave to amend would not likely have been granted if the proposed amended complaint, which became the operative pleading, failed to sufficiently and plausibly allege the claims asserted. *See Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint *or if the amended complaint cannot withstand a renewed motion to dismiss*." (emphasis added)). At this stage in the litigation, all the court can decide is whether the complaint states facially plausible claims. Whether or not such claims are factually supportable is a question for resolution at a later stage of the litigation.

Therefore, the court recommends denying defendants' motion to dismiss Counts I, II, and III.

## V. CONCLUSION

For the foregoing reasons, the court recommends denying defendants' motion to dismiss. (C.A. No. 18-116, D.I. 123)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 7, 2019

Sherry R. Fallon
United States Magistrate Judge