IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIEDA MAE ROGERS and<br>PREMIER TRUST, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civ. No. 18-116-CFC/SRF |
| WILMINGTON TRUST COMPANY<br>and WILMINGTON TRUST<br>INVESTMENT ADVISORS, INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Defendants have filed objections (D.I. 242) to a Report and Recommendation of the United States Magistrate Judge (D.I. 230). Plaintiffs have responded (D.I. 258). The matter is now before me.

This case was originally filed in the Eastern District of California. The case was transferred to this district in January 2018. The following month, Defendants filed a motion to dismiss the complaint. The District Judge to whom the case was originally assigned denied the motion in June 2018. The following month, Plaintiffs moved for leave to file an amended complaint within the time permitted by the Scheduling Order to amend the pleadings. In late September 2018, the case

was assigned to me. On December 6, 2018, I granted Plaintiffs' motion for leave to file an amended complaint. In light of the fact that (1) Plaintiffs had not previously sought to amend their complaint; (2) Plaintiffs' motion was filed before the Scheduling Order's deadline to file amended pleadings; and (3) Federal Rule of Civil Procedure 15(a) "embodies a liberal approach to pleading[,]" and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006), I granted Plaintiffs' motion in a two-page Order. I noted in the Order that I was granting the motion because "Defendants [have] not pointed to any considerations that would, in the Court's view, make it unjust to allow Plaintiffs to amend the complaint as they have proposed in their motion[.]" D.I. 114. I did not address in the Order the adequacy of the allegations made in support of the claims Plaintiffs sought to add to their original complaint and thus did not address whether adding such claims was futile.

On December 7, 2018, Plaintiffs filed their amended complaint. D.I. 115. Defendants filed a motion to dismiss Counts I, II, and III of the amended complaint, D.I. 123, and the parties briefed the motion, D.I. 124, 134, 145. In June 2019, I referred the motion to the Magistrate Judge pursuant to 28 U.S.C. § 636(b). D.I. 175.

In August 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended that I deny Defendants' motion to dismiss. D.I. 230. The sole stated reason for the Magistrate Judge's recommendation is that "[l]eave to amend would not likely have been granted if the proposed amended complaint, which became the operative pleading, failed to sufficiently and plausibly allege the claims asserted." *Id.* at 7.

The problem with the rationale of the Magistrate Judge's recommendation is that its premise—that I "likely" assessed whether the newly asserted claims satisfy Rule 12(b)(6)—is both speculative and incorrect. In granting Plaintiffs leave to file an amended complaint, I was not required to assess the adequacy (or futility) of the newly asserted claims, *see generally Charal Inv. Co. v. Rockefeller*, 131 F. Supp. 2d 593, 601 (D. Del. 2001), and I did not do so. Accordingly, I reject the rationale of the Report and Recommendation.

I will nonetheless adopt the Magistrate Judge's recommendation that I deny Defendants' motion because Defendants failed to comply with this Court's Standing Order for Objections Filed under Fed. R. Civ. P. 72 (Oct. 9, 2013). That Order requires a party that files objections to a Report and Recommendation to submit with its objections "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual

3

arguments before the Magistrate Judge." Defendants failed to file a written statement that complies with this requirement.

Finally, I note that as a practical matter the implications of this Order are limited. Fact discovery has closed, trial is scheduled for early next year, and Defendants have recently filed summary judgment motions that seek the dismissal of the same counts of the amended complaint that were the subject of their motion to dismiss. The parties completed briefing on those summary judgment motions this month and the Court will address the merits of those motions in short order.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants' objections (D.I. 242) are OVERRULED;

2. The Report and Recommendation (D.I. 230) is REJECTED IN PART AND ADOPTED IN PART;

3. Defendants' motion to dismiss (D.I. 123) is DENIED.

9-23-19
Date

United States District Judge