# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIEDA MAE ROGERS and <br> PREMIER TRUST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WILMINGTON TRUST COMPANY <br> and WILMINGTON TRUST <br> INVESTMENT ADVISORS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 18-116-CFC/SRF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Pending before me is Defendant Wilmington Trust Company's Motion for Summary Judgment (D.I. 179). In its Concise Statement of Material Facts in Support of Its Motion for Summary Judgment, Wilmington Trust states that Plaintiff Frieda Mae Rogers "testified that she received at least three Private Place Memos ("PPMs") in 2010 for the Wilmington Private Funds." D.I. 180, ¶ 21. The lines from the deposition transcript cited by Wilmington Trust in support of this statement do not clearly establish that Rogers received the three PPMs in 2010. But more importantly, Rogers has submitted sworn declarations from herself and her attorney, James Cunningham, that support her claim that she never received a PPM before 2015. *See* D.I. 224, ¶ 52, Ex. 1 ¶¶ 14-16, and Ex. 10, ¶¶ 3-12.

Because there is a disputed fact that Wilmington Trust has said is material to its summary judgment motion, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

WHEREFORE, this 26th day of November 2019, Defendant Wilmington Trust Company's Motion for Summary Judgment (D.I. 179) is DENIED.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　United States District Judge