IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIEDA MAE ROGERS and<br>PREMIER TRUST, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civ. No. 18-116-CFC/SRF |
| WILMINGTON TRUST COMPANY<br>and WILMINGTON TRUST<br>INVESTMENT ADVISORS, INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before me is Plaintiff Frieda Mae Rogers' Motion for Partial Summary Judgment. D.I. 209. In her Concise Statement of Undisputed Material Facts in Support of Her Motion for Partial Summary Judgment, Rogers states that she "was not provided a copy of the final Restated Trust Agreement for review or comment at any time prior to it being signed by Tonia Gamble Kennedy ('Kennedy') on WTC's behalf as trustee of the Rogers Family Trust on December 3, 2008." D.I. 211, ¶ 6. In support of this statement of fact, Rogers relies on her sworn declaration in which she averred that she "was never provided with the original or a copy of this agreement before it was signed by Tonia Gamble on December 3, 2008." D.I. 222-4, ¶ 10. Defendants deny this asserted fact and cite

compelling record evidence that appears on its face to contradict Rogers' sworn statement. *See* D.I. 237, ¶ 6 and cited exhibits.

Because there is a disputed fact that Rogers has said is material to her motion for partial summary judgment, I will deny the motion. *See Liberty Lobby* 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).[1]

WHEREFORE, this 26th day of November 2019, Plaintiff Frieda Mae Rogers' Motion for Partial Summary Judgment (D.I. 209) is DENIED.

_____
United States District Judge

---

[1] I also take this opportunity to remind Rogers' counsel of 18 U.S.C. § 1621 and Rule 3.3 of the Delaware Lawyers' Rules of Professional Conduct.