IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIEDA MAE ROGERS and<br>PREMIER TRUST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST COMPANY<br>and WILMINGTON TRUST<br>INVESTMENT ADVISORS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 18-116-CFC/SRF<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before me is Plaintiff Premier Trust, Inc.'s Motion for Partial Summary Judgment. D.I. 212. In its Concise Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment, Premier states that Plaintiff Frieda Mae Rogers "was not provided a copy of the final Restated Trust Agreement for review or comment at any time prior to it being signed by Tonia Gamble Kennedy ('Kennedy') on WTC's behalf as trustee of the Rogers Family Trust on December 3, 2008." D.I. 214, ¶ 5. In support of this statement of fact, Premier relies on Rogers' sworn declaration in which she averred that she "was never provided with the original or a copy of this agreement before it was signed by Tonia Gamble on December 3, 2008." D.I. 214-4, ¶ 10. Defendants deny this

asserted fact and cite compelling record evidence that appears on its face to contradict Rogers' sworn statement. *See* D.I. 240, ¶ 5 and cited exhibits.

Because there is a disputed fact that Premier has said is material to its motion for partial summary judgment, I will deny the motion. *See Liberty Lobby* 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).[1]

WHEREFORE, this 26th day of November 2019, Plaintiff Premier Trust, Inc.'s Motion for Partial Summary Judgment (D.I. 212) is DENIED.

United States District Judge

---

[1] I also take this opportunity to remind Premier's counsel of 18 U.S.C. § 1621 and Rule 3.3 of the Delaware Lawyers' Rules of Professional Conduct.