IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIEDA MAE ROGERS f/k/a FRIEDA ROGERS ROEN; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST CO., *et al.*,<br><br>Defendants. | Civil Action No. 18-cv-00116-CFC |

## MEMORANDUM ORDER

Defendants have moved pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Federal Rule of Evidence 702, and Federal Rule of Evidence 703, to exclude the opinions and testimony of Barbara C. Luna. D.I. 280. Plaintiffs retained Luna to provide expert opinions and testimony about damages. D.I. 282 at 4.

Defendants argue that Luna's opinions and testimony should be excluded because "they would not be helpful to the jury" and because "aspects of her report contain legal opinions." D.I. 280 at 1.

Defendants first object to this statement by Dr. Luna in paragraph 28 of her report: "Based on the exhibits reviewed in these depositions, the information

provided to Plaintiffs in 2015, and my subsequent discussion with Kriss Mann, my opinion is that the Plaintiffs could not have known [about certain alleged tax loss carryforwards]." D.I. 282 ¶ 28. Defendants argue that this opinion is not admissible because it addresses Plaintiff's state of mind and is speculative. D.I. 281 at 5. I disagree. Although the statement might have been better worded, the context in which the statement is made makes clear that Dr. Luna is opining that the facts made available to Plaintiff in 2015 would not have placed a reasonable person or trustee on notice of the loss of a previously reported loss carryforward. That opinion is based on Dr. Luna's review of the applicable records and deposition testimony, and her opinion would be helpful to the jury. Thus, the opinion is admissible. (Dr. Luna should, however, rephrase her opinion to address what a reasonable trustee, as opposed to Plaintiff, would or could have known.)

Defendants next argue that Dr. Luna's report contains five "transparently legal opinions." D.I. 281 at 7. I am tempted to sanction Defendants for causing Plaintiff to have to respond to this baseless contention and for tying up the Court's time to resolve the motion. It is clear from the report that the five statements to which Defendants object are not Dr. Luna's opinions at all, but rather are the premises on which she based her damages calculations.

**WHEREFORE**, on this Fifteenth day of January in 2020, **IT IS HEREBY ORDERED** that Defendants' Motion to Exclude the Opinions and Testimony of

Barbara C. Luna Pursuant to *Daubert* and Federal Rule of Evidence 702 (D.I. 280) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE