IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIEDA MAE ROGERS and<br>PREMIER TRUST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST COMPANY<br>and WILMINGTON TRUST<br>INVESTMENT ADVISORS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 18-116-CFC/SRF |

## **MEMORANDUM ORDER**

Having reviewed the parties' competing letters (D.I. 312 and D.I. 313), the Court is prepared to rule on which state's law governs Plaintiffs' claims for negligence, constructive fraud, and financial elder abuse.

The parties agree that Rogers' financial elder abuse claim is governed by California law. *See* D.I. 312 *and* D.I. 313. The parties, however, disagree about which state's law governs Plaintiffs' negligence and constructive fraud claims.

The trust agreement that created the Roen Trust that lies at the center of Plaintiffs' claims included a choice-of-law provision that states: "This instrument and the trusts hereunder are to be governed and interpreted according to the laws of the State of Delaware." D.I. 313-1 at 3. Defendants argue that this provision requires that Plaintiffs' negligence and constructive fraud claims be governed by

Delaware law. *See* D.I. 313 at 1–2. Plaintiffs argue that the trust agreement's choice-of-law provision is "narrowly drawn" and should not "control[] Plaintiffs' separate tort claims." D.I. 312 at 4.

Under California choice-of-law principles, "[t]he phrase 'governed by' is a broad one . . . [that] reflects the parties' clear contemplation that 'the agreement' is to be completely and absolutely controlled" by the source of law identified in the choice-of-law provision. *Nedlloyd Lines B.V. v. Sup. Ct.*, 3 Cal.4th 459, 469 (1992). Therefore, when a party's fiduciary duties arise from an agreement, the source of law chosen in that agreement's choice-of-law provision governs claims pertaining to those fiduciary duties. *See id.* To apply any other law to those claims "would be inconsistent with the unrestricted character of the choice-of-law [provision]." *Id.*

Plaintiffs' negligence and constructive fraud claims are based on duties created by the Roen Trust agreement. Thus, under California choice-of-law principles, these claims fall within the scope of the choice-of-law provision and are therefore governed by Delaware law.

The result would be the same if Delaware choice-of-law principles governed the interpretation of the choice-of-law provision in the trust agreement. Under Delaware law, "[w]hen the drafter of an agreement selects a law to govern the agreement and the relationship it creates, the logical conclusion is that the drafter

2

intended that law to apply to all aspects of the agreement and relationship, unless the provision specifically states otherwise." *In re Peierls Family Inter Vivos Trs.*, 59 A.3d 471, 482–83 (Del. Ch. 2012) (citation omitted). "All aspects of the agreement" and the relationship it creates include claims arising from duties created by the agreement. *See Weil v. Morgan Stanley DW Inc.*, 877 A.2d 1024, 1032 (Del. Ch. 2005) ("[T]he question of whether the parties' choice of law extends to cover claims for breach of fiduciary duty is not a close one. Any fiduciary duties [Plaintiff] claims are owed to him by [Defendant] arise solely out of the relationship created by his contract with [Defendant]."). "These sensible principles apply equally to trusts." *In re Peierls*, 59 A.3d at 483. Thus, under Delaware choice-of-law principles, because Plaintiffs' negligence and constructive fraud claims arise out of duties created by the Roen Trust agreement, these claims fall within the scope of the choice-of-law provision and are therefore governed by Delaware law. *Compare Eby v. Thompson*, 2005 WL 1653988 at *1 (Del. Ch. 2005) (holding that a contractual choice-of-law provision did not govern the plaintiffs' claims because they had "no connection" to the contract and their injuries "did not arise out of the contract").

**NOW THEREFORE**, at Wilmington this Sixth day of February 2020, **IT IS HEREBY ORDERED** that:

1. Rogers's financial elder abuse claim is governed by California law;

2. The Roen Trust Agreement's choice-of-law provision governs Plaintiffs' negligence and constructive fraud claims;

3. Plaintiffs' negligence claim is governed by Delaware law; and

4. Plaintiffs' constructive fraud claim is governed by Delaware law.

**IT IS SO ORDERED.**

_____
United States District Judge