# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIEDA MAE ROGERS and<br>PREMIER TRUST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST COMPANY<br>and WILMINGTON TRUST<br>INVESTMENT ADVISORS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 18-116-CFC/SRF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

I have reviewed the letter filed by Plaintiffs on February 7, 2020. D.I 324. As they did during the February 6, 2020 teleconference, Plaintiffs' counsel argue in their letter that Plaintiffs' negligence claim is not duplicative of Plaintiffs' breach of fiduciary claim. But as they also did in the teleconference, Plaintiffs' counsel fail in their letter to identify any circumstance other than Wilmington Trust's role as a fiduciary (i.e., the trustee of the Roen Trust) that gives rise to a duty of care owed to Plaintiffs.

I have already determined that Delaware law governs Plaintiffs' negligence claim. D.I. 323. "In Delaware, the law is settled that when determining whether a defendant owed a duty of care to the plaintiff, the court must determine whether 'such a relation exists between the parties that the community will impose a legal

obligation upon one for the benefit of the other.'" *In re Asbestos Litigation*, 2007 WL 4571196, at *4 (Del. Super. Dec. 21, 2007) (quoting *Naidu v. Laird*, 539 A.2d 1064, 1070 (Del. 1988)). As Judge Slights stated in *In re Asbestos Litigation*, "the recognition that duty springs from the relationship between the parties is basic hornbook law." *Id.* The ultimate question of whether a relationship exists that gives rise to a duty of care is an issue for the court. *Naidu*, 539 A.2d at 1070.

Trial is soon approaching. And the parties agree that under Delaware law a breach of fiduciary duty claim is tried before the court whereas a negligence claim is tried before a jury.

Defendants did not move to dismiss Plaintiffs' negligence claim or move for summary judgment on that claim based on Plaintiffs' failure to allege a duty of care independent of Wilmington Trust's role as the trustee of the Roen Trust. Nonetheless, Federal Rule of Civil Procedure 56(f) empowers a court to consider summary judgment independent of a motion "[a]fter giving notice and a reasonable time to respond."

This Memorandum Order constitutes notice under Rule 56(f) that I am considering granting summary judgment in favor of Defendants on Plaintiffs' negligence claim based on Plaintiffs' failure to allege a duty of care independent of the Roen Trust agreement. In light of the facts that (1) the pretrial conference is scheduled for February 13, 2020; (2) I stated during the February 6 teleconference

that "plaintiffs have been unable to my satisfaction to articulate a lawful basis for the duties of care that they allege were breached other than emanating from the [Roen] trust," Tr. 57; (3) Plaintiffs responded to that statement in their February 7, 2020 letter; and (4) the Pretrial Order will be filed today; IT IS HEREBY ORDERED that Plaintiffs shall have until February 13, 2020 to respond to this Memorandum Order. IT IS FURTHER ORDERED that Plaintiffs' response shall be limited to 2,000 words and shall identify with specificity the relationship between *each* Defendant and *each* Plaintiff that Plaintiffs contend gives rise to a duty of care owed by *each* Defendant to *each* Plaintiff.

2·10·20
Date

United States District Judge