IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIEDA MAE ROGERS f/k/a<br>FRIEDA ROGERS ROEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON TRUST<br>COMPANY,<br><br>Defendant. | Civil Action No. 18-116-CFC |

## MEMORANDUM ORDER

Pending before me is an application by Defendants Wilmington Trust Company and Wilmington Trust Investment Advisors, Inc. (collectively, Wilmington Trust) for $3.2 million in attorneys' fees and $350,000 in costs. D.I. 404. I entered judgment in Wilmington Trust's favor after a bench trial, and the Third Circuit affirmed that judgment last year. The relevant facts of the case are set forth in my posttrial Memorandum Opinion. D.I. 381.

Delaware law governs Wilmington Trust's fee application, and as Wilmington Trust acknowledges, D.I. 405 at 16, Delaware law affords courts "broad discretion" in deciding whether to award a prevailing party its attorney fees. Federal Rule of Civil Procedure 54(d)(1) governs Wilmington Trust's application

for costs. Although "the rule creates [a] 'strong presumption' that costs are to be awarded to the prevailing party," *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000), *as amended* (Sept. 15, 2000), "the decision whether to award costs ultimately lies within the sound discretion of the district court," *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

Exercising my discretion, I will deny Wilmington Trust's application for fees and costs because Wilmington Trust was protecting its own interests in this litigation, did not confer a benefit on the Trust through this litigation, and most importantly, I do not believe that Wilmington Trust exercised responsibly its duties as trustee and advisor of the Roen Trust. *See J.P. Morgan Tr. Co. of Delaware, Tr. of Fisher 2006 Tr. v. Fisher*, 2021 WL 2407858, at *23 (Del. Ch. June 14, 2021) (denying attorney fee award to trustee found not liable for breach of fiduciary duties because "some of the [trustee's] actions were the subject of legitimate inquiry"). For example, and as I found in the Memorandum Opinion: Wilmington Trust did not disclose to Ms. Rogers that WTIM had a policy of never consenting to a transfer of Wilmington Private Fund assets to another financial institution; it conducted what at best can be described as pro forma annual reviews of the Trust's performance; it failed to clarify Ms. Kennedy's January 23, 2015 email and January 27, 2025 letter; it did not inform Premier how liquidation of the Wilmington Private Funds could be avoided and therefore bears some

responsibility for the 2015 liquidation of the Trust's assets in the Wilmington Private Funds; and perhaps most troubling, it failed to act on its concerns that Ms. Rogers was being taken advantage of by the Bakers until after Rogers terminated Wilmington Trust as the Trustee and then it never followed up on the elder abuse complaint it lodged with the California authorities.

    NOW THEREFORE, at Wilmington on this Twenty-first day of August in 2023, it is HEREBY ORDERED that Defendants' Motion for Attorneys' Fees and Costs (D.I. 404) is DENIED.

                                              _____
                                              CHIEF JUDGE